IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

CASE NO. 3:17CV635-GCM

| | |
|---|---|
| United States of America | ) |
| | ) |
| v. | ) |
| | ) |
| Approximately $2,061.22 in funds seized from Bank of America Account XXXX-XXXX-1340, such account held by or for the benefit of Albert V. Strong; | ) ) ) ) ) |
| | ) |
| Approximately $447.46 in funds seized from Bank of America Account XXXXXXXX5965, such account held by or for the benefit of Albert Strong DBA Tri State Machine & Fab, Albert V. Strong Sole Proprietorship; | ) ) ) ) ) ) |
| | ) |
| One 2009 Harley Davidson Model FLSTC, VIN 1HD1BW5159Y026948, titled to Albert V. Strong; | ) ) ) |
| | ) |
| One 2003 Harley Davidson Model FLSTSI ANNIV, VIN HD1BYB403Y019956, titled to Albert V. Strong; | ) ) ) ) |
| | ) |
| One 2012 Harley Davidson Model FLSTSE3, VIN 1HD1PY910CB954510, titled to Albert V. Strong; | ) ) ) |
| | ) |
| One 2014 Harley Davidson Model FLHRSE, VIN 1HD1PG812EB950425, titled to Albert V. Strong; | ) ) ) |
| | ) |
| One 2013 Harley Davidson Model FLHTCUSE, VIN 1HD1PR810DB952796, titled to Albert V. Strong; | ) ) ) |
| | ) |
| One 2014 Harley Davidson Model VRSCF, VIN 1HD1HPH10DC802263, titled to Albert V. Strong; | ) ) ) |

**CONSENT ORDER
FOR THIRD PARTY CLAIM**

One 2014 Harley Davidson Model FLS SLIM, VIN 1HD1JRV14EB028899, titled to Albert V. Strong;

One 2015 Harley Davidson Model FLHXSE, VIN 1HD1PXN15FB954815, titled to Albert V. Strong;

One 2017 Harley Davidson Model FLHXSE CVO STR, VIN 1HD1PXF1XHB954049, titled to Albert V. Strong;

One 2013 LEXUS GS350, VIN JTHBE1BL2D5003979, titled to Albert V. Strong;

The real property at 127 Douglas Heights, # 14, Union, South Carolina, more particularly described in a Warranty Deed to Albert Strong, recorded on April 6, 2009, at Union County Register of Deeds Book 237, Page 482;

The real property at 104 Smith Drive, Union, South Carolina, more particularly described in a Tax Deed to Albert Strong, recorded on February 22, 2012, at Union County Register of Deeds Book 241, Page 916;

The real property at 1911 Smith Road, Newberry, South Carolina, more particularly described in a Title to Real Estate to Albert V. Strong and Kelly E. Strong, recorded on May 1, 2013 at the Newberry County Register of Deeds, Book 1693, Page 245;

The real property at 4007 Timber Crossing Drive, Rock Hill, South Carolina, more particularly described in a Deed to Vickie L. McCorkle and Albert V. Strong, recorded on or about March 17 or 18, 2014 at the York County Register of Deeds, Volume 14015, Page 170;

| | |
|---|---|
| The real property at 127 Douglas Heights, # 13, Union, South Carolina, more particularly described in a Warranty Deed to Albert V. Strong, recorded on June 30, 2014, at Union County Register of Deeds Book 254, Page 460; and<br><br>The real property at 1919 Smith Road, Newberry, South Carolina, more particularly described in a Title to Real Estate to Albert V. Strong and Kelley Strong, recorded on April 10, 2015 at the Newberry County Register of Deeds, Book 1820, Page 23. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

THIS MATTER is before the Court by consent of the United States of America, by and through R. Andrew Murray, United States Attorney for the Western District of North Carolina and Claimant PennyMac Corp.,[1] through counsel, pursuant to 18 U.S.C. § 983(d). The Government and Claimant have consented to this Consent Order for Third Party Claim as a final adjudication and settlement of all matters between Claimant and the Government with regard to the following property identified in the Complaint for Forfeiture *In Rem* (Doc. 1) ("the Property"): **the real property at 1919 Smith Road, Newberry, South Carolina, more particularly described in a Title to Real Estate to Albert V. Strong and Kelley Strong, recorded on April 10, 2015 at the Newberry County Register of Deeds, Book 1820, Page 23.**

---

[1] The term, "Claimant," herein shall refer to PennyMac Corp. Although Claimant did not file a claim in this action, Claimant has provided the Government with sufficient documentation to justify the Government consenting to the relief herein. Therefore, the Government consents to the Court treating the facts set forth in this proposed Consent Order as satisfactory for purposes of the formal claim filing requirements of 18 U.S.C. § 983(d) and Federal Rules of Civil Procedure, Supplemental Rule G.

The parties have **STIPULATED AND AGREED** and the **COURT FINDS AS FOLLOWS:**

1. Claimant has provided documentation to the Government that Guild Mortgage Company provided a loan to the Grantees of the Property. The Grantees included Defendant. Guild Mortgage secured that loan via a Mortgage filed on the Property and later assigned that loan to Claimant. Claimant is the sole party entitled to payment on the loan. That loan remains outstanding in an amount such that there may be little to no equity in the Property. Claimant has satisfied 18 U.S.C. § 983(d).

2. Claimant advises that Claimant wishes to foreclose on the Property. The Government agrees that it will not use this forfeiture action as a basis to contest the foreclosure, provided, however, that Claimant agrees that, should the Property sell back to Claimant at the foreclosure sale, Claimant will attempt to market the Property in a commercially reasonable manner via a realtor, for at least six months. If Claimant closes on a sale that nets proceeds above and beyond any principal, interests, and costs owed to Claimant, such costs including the reasonable and necessary costs of the foreclosure and said sale, Claimant will so advise the Government and consent to forfeiture of such additional proceeds as described herein. The parties agree that, after the expiration of the six month period set forth herein, Claimant may dispose of the Property in any manner that Claimant deems fit in compliance with the law, but Claimant will notify the Government if Claimant nets any additional proceeds as described herein.

3. Should the Property sell to a party who is not the Claimant at the foreclosure sale, the Government stipulates that the Claimant has no legal right or claim

to the proceeds above and beyond those Claimant is entitled to by law. Therefore, Claimant cannot agree to forfeit such additional proceeds to the Government.

4. This Consent Order shall be in full settlement and satisfaction of all claims by Claimant to the Property, all claims arising from any loan or note, the indebtedness for which is secured by the Property, and all claims against the United States resulting from the incidents or circumstances giving rise to this case.

5. Claimant agrees not to pursue against the United States any rights that it may have under a mortgage on the Property, although the United States agrees to a foreclosure as set forth herein.

6. The Government and Claimant waive any rights to further litigate between each other in this forfeiture action to the Property and agree that this Consent Order for Third Party Claim shall be in full settlement and satisfaction of all claims between Claimant and the Government in this action to the Property and all claims between Claimant and the Government resulting from the incidents or circumstances giving rise to the forfeiture of the Property.

7. Unless specifically directed by an order of the Court, Claimant shall be excused and relieved from further participation in this action.

**IT IS THEREFORE ORDERED THAT:**

1. Based upon the stipulations of the parties herein that Claimant satisfies one or more prongs of 18 U.S.C. § 983(d), this Court hereby dismisses the Property from this forfeiture action.

2. The Government and Claimant shall bear their own costs, including attorneys' fees.

Signed: May 14, 2018

Graham C. Mullen
United States District Judge

ON MOTION OF AND
BY CONSENT OF THE PARTIES:

R. ANDREW MURRAY
UNITED STATES ATTORNEY

s/Benjamin Bain-Creed                Dated: May 7, 2018
Benjamin Bain-Creed
Assistant United States Attorney

PENNYMAC CORP.

s/Anthony Carreri                    Dated: May 5, 2018
Anthony Carreri, Bar Number 47631
Attorney for Claimant, PennyMac Corp.
Brock and Scott, PLLC
8757 Red Oak Blvd., Suite 150
Charlotte, NC 28217
Telephone: (704) 643-0290 x2022

Fax: (704) 553-7225
Anthony.Carreri@brockandscott.com